IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
JUN 17 2014
LONG ISLAND OFFICE

| | |
|---|---|
| SEAN BRISTOL, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 12 CV 1130 (LDW)(ETB) |
| v. | ) ) |
| CONTINENTAL HOME LOANS, INC., MICHAEL MCHUGH, ERIC REEPS, RICHARD TSCHERNIA, and SANTO BARRETTA, | ) ECF CASE ) ) ) ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO SUBSTITUTE THE NAMED REPRESENTATIVE PLAINTIFF

This is a certified collective action brought to recover unpaid minimum wages and overtime under the Fair Labor Standards Act ("FLSA"). Including Representative Plaintiff Sean Bristol, 43 members of this collective action seek to vindicate their rights to unpaid earned wages. On January 8, 2014, this Court denied Defendants' motion to decertify the conditionally certified class and ordered trial of the "first" Plaintiff's claims to commence July 7, 2014. *See* Exhibit A, January 8, 2014 docket entry; D.E. 83. The Court contemplated overseeing consecutive trials for an undetermined number of Plaintiffs. Pursuant to the Court's instructions, Plaintiffs immediately thereafter advised Defendants that they designed the Named Representative Plaintiff, Sean Bristol, as the "first" Plaintiff.

Defendants, on June 11, 2014, tendered a Rule 68 offer of judgment to fully resolve Sean Bristol's individual claim and in conjunction with their offer, specifically agreed that Bristol's acceptance would not moot or otherwise hinder the claims of any of the 42 remaining opt-in Plaintiffs. Bristol, therefore, accepted Defendants' offer of judgment on June 16, 2014. As

Plaintiffs advised the Court by letter dated June 16, 2014 (*See* D.E. 94), Plaintiffs are promptly moving to substitute one of the opt-in Plaintiffs, Jeffrey Sosnicki, as the Named Representative Plaintiff. Sosnicki has declared his ability and desire to serve in this capacity. Plaintiffs further designate Sosnicki as the next Plaintiff for trial purposes.

Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend be "freely given." Fed.R.Civ.P. 15(a)(2). Leave to amend should be granted unless the opposing party demonstrates "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

New York courts permit substitution of named representative plaintiffs in collective actions when, like other amendments, "justice so requires" and the substitution would not unduly prejudice the defendant, considering the absence of bad faith, futility or substantial unjustified delay. *E.g., Gonzalez v. Nicholas Zito Racing Stable, Inc.,* 2008 WL 941643, at *3-4 (E.D.N.Y. March 31, 2008). In FLSA collective actions, the substitution of a named representative plaintiff by a plaintiff who has already opted-in to the litigation is unlikely to prejudice the defendant, because they are already on notice of the claims of the new named representative. *Gilliam v. Addicts Rehabilitation Center Fund,* 2006 WL 1049352, at *2 (S.D.N.Y. April 19, 2006). Thus, "[t]he addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions,' as the original complaint." *Id.*

Indeed, courts have found that the substitution of named plaintiff is a particularly simple procedural matter because, "Under the opt-in procedures of 29 U.S.C. § 216(b), all 66 of the

2

plaintiffs have affirmatively opted in as plaintiffs in this case, and they are full parties for all purposes. *Coan v. Nightingale Home Healthcare, Inc.*, 2006 WL 1994772, at *2 (S.D.Ind. July 14, 2006). Accordingly, any plaintiff who has opted-in to the action "ha[s] the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir.2003); *See Gonzalez*, 2008 WL 941643, at *3-4 (permitting two new individuals who had already opted-in to the collective action to substitute for the initial named representative plaintiff).

Here, not only would it be manifestly unfair *not* to permit the amendment it would be directly contrary to this Court's January 8, 2014 Order. In fact, given Defendants' stipulation that Bristol's acceptance of their Rule 68 offer would not prejudice the rights of the remaining opt-in Plaintiffs, Bristol could not in good faith – as Defendants adamantly asserted (*See* D.E. 95) – proceeded to trial once his claims were fully resolved.

The substitution of Sosnicki as the Named Representative Plaintiff does not prejudice Defendants. Sosnicki filed his opt-in consent form on February 11, 2013. As of this date, Defendants were on actual notice that he was asserting unpaid minimum wage and overtime claims. Indeed, Defendants have produced documents and information in discovery relating to Sosnicki specifically. As a result of Judge Wexler's January 8, 2014 Order, Defendants had notice that Plaintiffs would ultimately designate other opt-in Plaintiffs for trial purposes.

Finally, the substitution of Sosnicki for Bristol is necessary to protect the interests of the remaining members of the collective action. Absent substitution, the remaining opt-in Plaintiffs are left without a suitable representative. Especially given the upcoming settlement conference on June 26, 2014 – and Magistrate Tomlinson's requirement that the parties' respective representatives personally appear – the Court should promptly allow substitution.

WHEREFORE, Plaintiffs move for an Order allowing opt-in Plaintiff Jeffrey Sosnicki to substitute for Sean Bristol as the Named Representative Plaintiff.

Dated: July 1, 2014                                                         Respectfully submitted,

*Application granted. Plaintiffs' counsel is directed to submit an Amended Caption reflecting the substitute lead Plaintiff within one (1) week from today.*

*So Ordered:*
*Central Islip, NY*
*July 14, 2014*

*[signature]*
*USDJ*

/s/ Erik H. Langeland
Erik H. Langeland
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

James B. Zouras
Ryan F. Stephan
(Admitted Pro Hac Vice)
STEPHAN ZOURAS, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
(312) 233-1550
(312) 233-1560 (Fax)

4